IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

WILLIAM ROBERTS,                    *

    Plaintiff,                      *

vs.                                 *

                                               CASE NO. 4:07-CV-80 (CDL)

THE SCOTT FETZER COMPANY,           *

    Defendant.                      *

O R D E R

INTRODUCTION

Plaintiff seeks to represent a proposed class of consumers who purchased from Defendant "previously-sold" home cleaning systems that Defendant allegedly misrepresented to be new.[1] After completing class certification discovery, Plaintiff filed his motion for class certification on January 6, 2010. The class certification discovery period had expired on March 13, 2009.[2] In opposition to Plaintiff's motion for class certification, Defendant relies in part upon evidence that Plaintiff contends was never disclosed during discovery. Plaintiff therefore seeks to exclude the evidence from

---

[1]The Court uses the phrase "previously sold" instead of "used" to describe the cleaning systems purchased by putative class members because the extent of use, if any, is disputed.

[2]Although the Court did permit some narrowly tailored discovery beyond the discovery deadline, the Court cannot find where it ever formally extended the March 13, 2009 deadline; but even if it did, that would not make a difference in the Court's ruling today for the reasons that follow.

the Court's consideration of Plaintiff's motion for class certification.

The evidence that Plaintiff seeks to exclude consists of: (1) a survey of Kirby distributors prepared by Rodney J. Bosco, an expert witness retained by Defendant; and (2) the sworn declarations of six Kirby distributors.[3] This evidence purports to show that many of the purchasers of Defendant's cleaning systems were informed that the system they purchased had been previously sold. Defendant relies on this evidence to support its argument that each sale will need to be examined individually to determine for each putative class member whether the truth was disclosed to them, and therefore individual issues predominate over common ones, thus precluding class certification. Inexplicably, Defendant never disclosed this evidence during discovery, revealing it for the first time in its opposition to Plaintiff's motion for class certification. In response to Plaintiff's motion to exclude the evidence for failure to disclose it during discovery, Defendant essentially offers two excuses: (1) it did not possess the evidence until after discovery had expired, even though the putative class action had been pending for twenty-two

---

[3]Defendant, The Scott Fetzer Company, has several divisions of business. The Kirby Company ("Kirby") is an unincorporated subsidiary of Scott Fetzer that manufactures the home cleaning systems at issue in this action. The Court will refer to "Kirby" and "Defendant" interchangeably in this Order.

months prior to the close of class certification discovery; and (2)
it did not think Plaintiff was interested in the information,
notwithstanding Plaintiff's repeated requests for such information.

Because the Court finds Defendant's failure to disclose the
relevant evidence to lack substantial justification and to be harmful
to Plaintiff, the Court grants Plaintiff's Motion to Exclude Evidence
(ECF No. 95) for purposes of Plaintiff's class certification motion.

BACKGROUND

I.   **Plaintiff's Repeated Requests for Discoverable Information**

A.   <u>Fact Discovery</u>

Plaintiff filed this putative class action on May 7, 2007.  To
supplement and perhaps confirm any discovery that it may obtain
through Defendant's mandatory disclosures under Rule 26, Plaintiff
served on Defendant his first set of interrogatories on May 12, 2008.
Interrogatory fifteen asked Defendant to identify all Kirby
distributors from January 1, 2000 to the present.  Pl.'s Mot. to
Exclude Evidence for Disc. Sanction [hereinafter "Pl.'s Mot. to
Excl."] App. B, Def.'s Resps. and Objections to Pls.' First Set of
Interrogs. 7, July 9, 2008, ECF No. 95-4 [hereinafter "Def.'s Resps.
to Pls.' First Interrogs."].  Defendant responded on July 9, 2008 as
follows:

> RESPONSE:  In addition to its General
> Objections, Scott Fetzer objects to this Interrogatory on
> the grounds that it is overbroad, unduly burdensome, and

> seeks information neither relevant to the subject matter of
> this lawsuit, nor reasonably calculated to lead to the
> discovery of admissible evidence.

*Id.* Defendant amended its responses on September 3, 2008, and

identified for Plaintiff the then-current Kirby distributors by their

unique distributor number and geographic area of responsibility. *See*

Pl.'s Mot. to Excl. App. C, Def.'s Am. Resps. and Objections to Pls.'

First Set of Interrogs. 3-4, Sept. 3, 2008, ECF No. 95-5. Defendant,

however, also maintained its prior objections and continued to refuse

to provide Plaintiff with the names, addresses, or telephone numbers

of Kirby's distributors. *Id.*

Unsatisfied with Defendant's response, Plaintiff followed up

with a letter to Defendant on September 15, 2008, requesting, among

other things, that Defendant: (1) provide the names, addresses, and

telephone numbers of Kirby's distributors; and (2) supplement its

Federal Rule of Civil Procedure 26(a) disclosures to identify any

potential witnesses to whether purchasers received disclosure of a

prior sale and return. Pl.'s Mot. to Excl. App. D, Letter from R.

Lea to L. Garrett and E. Baker 1-2, Sept. 15, 2008, ECF No. 95-6.

Plaintiff's letter stated in part,

> I understand that one of Kirby's grounds for not giving
> us this information is Kirby's position that, even with it,
> we will not know what may have been disclosed to the second
> or subsequent purchasers about the fact of a prior sale and
> return in the sales presentations to these purchasers. I
> take this to mean that Kirby contends that there was (or at
> least may have been) disclosure to some of these purchasers

4

> of a prior sale and return.  If Kirby intends to present
> any evidence like this, we are entitled under Rule
> 26(a)(1)(I) and (3)(I) to the name, address, and telephone
> number of each person who has discoverable information or
> is a witness on this point.  Please identify each person
> who knows of any such disclosure or who Kirby will use as
> a witness that any such disclosures were given or received.

*Id.* Defendant was clearly apprised at this early stage of discovery that Plaintiff sought the evidence and why Plaintiff contended it was relevant and discoverable.  In Defendant's September 25, 2008 response to Plaintiff's letter, Defendant again refused to provide Plaintiff with the names, addresses, and telephone numbers of Kirby's distributors.  Defendant also did not address whether it would identify witnesses who may have evidence relating to whether purchasers received disclosure of a prior sale and return.  Pl.'s Mot. to Excl. App. E, Letter from L. Garrett to R. Lea, Sept. 25, 2008, ECF No. 95-7.  Having received what he considered an unsatisfactory response, Plaintiff then filed on September 30, 2008, his initial motion to compel production of two categories of information: (1) Kirby's electronic database containing the names and contact information of putative class members; and (2) the names, addresses, and telephone numbers of Kirby's distributors. Pl.'s Mot. to Compel 1, Sept. 30, 2008, ECF No. 36.  Further, on November 26, 2008, Plaintiff served Defendant with the following third set of interrogatories:

## Additional Interrogatories

In my letter to you dated September 15, 2008, I asked
you to have Scott Fetzer identify any person it intended to
present as a witness to testify that there was any
disclosure to any "second or subsequent purchaser" of the
fact of any prior sale and return of the units sold to the
second or subsequent purchasers.   We continue to believe
that Scott Fetzer is obligated under Rule 26 to disclose
any such witnesses, and do not waive that position.
Nevertheless, we serve the following interrogatories.

Please consider this as a set of interrogatories under
Rule 33 of the Federal Rules of Civil Procedure asking
Scott Fetzer for the following:

1.   Please identify, with name, address—street, post
office box, and e-mail—each Blue Card purchaser who Kirby
contends received disclosure of the fact that the unit he
or she purchased had previously been sold and registered to
a prior purchaser.

2.   Please identify, with name, address—street, post
office box, and e-mail—each person who Kirby contends made
such a disclosure.

Pl.'s Mot. to Excl. App. F, Letter from R. Lea to L. Garrett,

Nov. 26, 2008, ECF No. 95-8.  Finally, on December 15, 2008, just two

days before the Court's Rule 16 conference, Plaintiff continued to

press for Defendant to disclose the names, addresses, and telephone

numbers of its distributors.   *See* Pl.'s Reply to Def.'s Resp. to

Pl.'s Supplement to Joint Mot. for Rule 16 Conference 6,

Dec. 15, 2008, ECF No. 44.

On December 17, 2008, the Court held a Rule 16 conference to

address, among other things, Plaintiff's motion to compel.  Order for

Rule 16 Conference, Dec. 8, 2008, ECF No. 41.  At that conference,

Plaintiff did not address his requests for the Kirby distributors'

names, addresses, and telephone numbers. *See generally*, Status Conference Tr., Dec. 17, 2008, ECF No. 51. Instead, Plaintiff represented to the Court that the only additional discovery he needed for class certification was Kirby's electronic database of putative class members, apparently either concluding that his outstanding third interrogatories covered the distributor information or making the tactical decision that if Defendant was refusing to produce the evidence regarding Defendant's distributors, then Defendant would certainly not be allowed to use such undisclosed evidence in opposition to a motion for class certification. *Id.* at 12:21-23, 25:2-20, 35:25-36:7. The Court ordered Plaintiff to file any additional briefing or evidence he wished to present in support of his motion to compel by January 30, 2009. *Id.* at 43:12-14; Agreed Order 1, Dec. 19, 2008, ECF No. 46; Pl.'s Mem. Supp. Am. Mot. to Compel Disc. from Def. 2, Jan. 30, 2009, ECF No. 49 [hereinafter "Pl.'s Mem. Supp. Am. Mot. to Compel"].

On January 12, 2009, Defendant responded to Plaintiff's third set of interrogatories, and stated that it lacked knowledge of the disclosure practices of its distributors and distributors' dealers, but that Kirby's distributor agreement precludes distributors from selling used machines as new. Pl.'s Mot. to Excl. App. G, Def.'s Resps. and Objections to Pls.' Third Set of Interrogs. 3-4, Jan. 12, 2009, ECF No. 95-9 [hereinafter "Def.'s Resps. to Pls.'

Third Interrogs."]. Finally, Plaintiff filed his amended motion to compel discovery on January 30, 2009. That motion focused on the production of consumer retail purchase contracts and did not specifically address Plaintiff's discovery request for the names, addresses, and telephone numbers of Kirby's distributors.[4] Pl.'s Am. Mot. to Compel Disc. from Def. or for Relief from Stay to Obtain Additional Disc., Jan. 30, 2009, ECF No. 48; Pl.'s Mem. Supp. Am. Mot. to Compel Disc. from Def., Jan. 30, 2009, ECF No. 49.

B. Expert Discovery

The Court's scheduling orders set the deadlines for identifying expert witnesses. Fed. R. Civ. P. 26(a)(2)(C). On August 8, 2008, the Court granted the parties' second joint motion to amend the scheduling order. Text Order, Aug. 8, 2008 (granting Second Joint Mot. to Am. Scheduling Order, Aug. 7, 2008, ECF No. 32). That Order

---

[4]Plaintiff's January 30, 2009 amended motion to compel does mention discovering distributors' names, addresses, and telephone numbers for use in subpoenas as an alternative method of obtaining consumer retail purchase contracts. Pl.'s Mem. Supp. Am. Mot. to Compel 12-14, 19; Pl.'s Mem. Supp. Am. Mot. to Compel App. B, Isaacson Decl. 4 ¶ 14.I, 7 ¶ 22.iii, January XX, 2009, ECF No. 49-33-49-34. However, the Court granted Plaintiff's amended motion to compel and ordered Kirby to produce 1,000 randomly selected consumer retail purchase contracts per year for each year from 2003 through 2008 for sales by authorized Kirby distributors to consumers of Kirby cleaning systems registered under Gold or Blue Cards. Order Granting Am. Mot. to Compel 19, June 30, 2009, ECF No. 63. The parties agreed that the ordered discovery would be accomplished by Kirby requesting the appropriate consumer retail purchase contracts from Kirby distributors. Joint Am. Scheduling Order 2-3, July 24, 2009, ECF No. 67. Therefore, Defendant was not ordered to produce the Kirby distributors' names, addresses, and telephone numbers in response to Plaintiff's amended motion to compel.

required Defendant to designate any experts by January 14, 2009, and set the general class certification fact and expert discovery deadline as March 13, 2009.[5] *Id.* As previously explained, Defendant first identified its expert on March 19, 2010, when it filed its opposition to Plaintiff's motion for class certification.

## II. The Late Disclosed Evidence

After Plaintiff filed his motion for class certification on January 6, 2010, it apparently suddenly dawned on Defendant that it may be able to defeat class certification by demonstrating that the determination as to whether a putative class member was informed of the true status of his cleaning system depended upon an individual assessment of each sales transaction. Accordingly, Defendant retained Rodney J. Bosco to conduct a survey of all Kirby distributors regarding their sales practices and their in-home demonstration process. Def.'s Mem. in Opp'n to Pl.'s Mot. for Class Certification [hereinafter "Def.'s Opp'n to Class Certification"] Ex. E, Bosco Expert Report 5, 7, Mar. 18, 2010, ECF No. 85-6 [hereinafter "Bosco Expert Report"]. To accomplish the survey, Defendant provided Mr. Bosco with the names, addresses, and telephone numbers of Kirby's

---

[5]Subsequent to the Court's August 8, 2008 Order, the Court entered several Orders extending certain specific discovery deadlines. None of those Orders, however, extended the time within which Defendant had to disclose the evidence the Court excludes today. Moreover, there is certainly nothing in those Orders that could reasonably be interpreted to mean Defendant did not have to fully disclose relevant information until after Plaintiff filed his motion for class certification.

distributors, the very same evidence that Plaintiff had consistently sought and which Defendant had obstinately refused to produce. *See id.* at 6; Bosco Expert Report Ex. 2. Defendant also obtained declarations from six Kirby distributors stating that they have a policy of telling their dealers to disclose to purchasers if a cleaning system was previously sold. *See* Def.'s Opp'n to Class Certification Exs. B-D & F-H, Bigelow Decl., Mar. 3, 2010, ECF No. 85-3, Bolden Decl., Mar. 3, 2010, ECF No. 85-4, Taylor-Sears Decl., Mar. 3, 2010, ECF No. 85-5, Graham Decl., Mar. 10, 2010, ECF No. 85-7, Yurcisin Decl., Mar. 4, 2010, ECF No. 85-8, Peters Decl., Mar. 10, 2010, ECF No. 85-9. Defendant disclosed Mr. Bosco's report and the six distributors' declarations (hereinafter collectively referred to as the "Bosco/distributors evidence") for the first time as exhibits in support of its memorandum in opposition to Plaintiff's motion for class certification, over a year after discovery expired.

DISCUSSION

For the following reasons, the Court finds that the Bosco/distributors evidence should have been disclosed both as part of Defendant's mandatory disclosure obligations under Rule 26 and in response to Plaintiff's specific discovery requests. Defendant's failure to timely disclose the evidence was not substantially justified and was harmful to Plaintiff. Therefore, the

Bosco/distributors evidence must be excluded from consideration in the Court's evaluation of Plaintiff's motion for class certification.

## I.   Required Disclosures Under the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 26(a) requires that "a party must, without awaiting a discovery request" provide the other parties with certain initial disclosures.  Disclosures required under Rule 26(a) include "the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims *or defenses*, unless the use would be solely for impeachment[.]"   Fed. R. Civ. P. 26(a)(1)(A)(I) (emphasis added).   Rule 26(e) requires parties to supplement disclosures made under Rule 26(a) or through responses to interrogatories or requests for production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"   Fed. R. Civ. P. 26(e)(1)(A).   Finally, "Rule 37(c) . . . provides for sanctions against a party that fails to disclose information required under Rule 26(a) or (e)." *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1221 (11th Cir. 2010).  Specifically, the rule states that:

> If a party fails to provide information or identify a
> witness as required by Rule 26(a) or (e), the party is not
> allowed to use that information or witness to supply
> evidence on a motion, at a hearing, or at a trial, unless
> the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure

to disclose was substantially justified or harmless rests on the

nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821,

824 (11th Cir. 2009) (internal quotation marks omitted).

The Court made clear, early in this action, its expectation that

the parties abide by Rule 26(a) and (e)'s disclosure requirements,

and the consequences of failure to abide by them.  The Court's Rules

16 and 26 Order specifically stated:

> [The parties'] attention is directed to Rules 16 and 26
> of the Federal Rules of Civil Procedure and to this Court's
> local rules[.] . . .

> The parties shall be under a continuing duty to
> supplement all disclosures and responses in accordance with
> Rule 26(e).  When such supplementation is required, the
> supplemental responses shall be served upon the opposing
> party within fourteen days of learning of the information
> requiring the supplemental response, unless the Court
> otherwise extends the supplemental response period upon
> motion of a party.

> Please note that if disclosures are not complete,
> including a separate listing of the name and last known
> address of each potential witness, then the failure to
> provide complete disclosure may result in the exclusion of
> testimony from any witness who is not properly disclosed.
> It is not sufficient to disclose the identity of potential
> witnesses by simply describing categories of persons, such
> as "all of plaintiff's medical providers contained in
> plaintiff's medical records."  Disclosure shall be by
> specific name, if known or reasonably ascertainable.  If

> specific disclosure is not possible, an explanation as to
> why such disclosure is not possible shall be given.

Rules 16 & 26 Order 1, 3, Mar. 14, 2008, ECF No. 22; *see also* Joint Agreed Scheduling Order 2, Apr. 30, 2008, ECF No. 30 ("The parties agree to exchange the information described in Rule 26(a)(1)(A)-(D) of the Federal Rules of Civil Procedure on May 12, 2008."). The Court also ordered the early disclosure of expert witnesses. Rules 16 & 26 Order 3-4. Specifically, the Court originally ordered Defendant to designate any expert witnesses by August 25, 2008. Joint Agreed Scheduling Order 6. The Court then twice extended the expert disclosure deadline, eventually requiring Defendant to serve its expert designations by January 14, 2009. Text Order, Aug. 8, 2008 (granting Second Joint Mot. to Am. Scheduling Order, Aug. 7, 2008, ECF No. 32).

## II. Defendant's Failure to Disclose Putative Expert Rodney Bosco

As a preliminary matter, Defendant failed to disclose putative expert Rodney Bosco by the Court-ordered expert witness disclosure deadline as required by Rule 26(a)(2)(C). Federal Rule of Civil Procedure 26(a)(2)(C) provides that a party must disclose to the other parties the identity of any expert witness "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). Here, the Court ordered Defendant to serve its expert designations by January 14, 2009. Text Order, Aug. 8, 2008 (granting Second Joint

13

Mot. to Am. Scheduling Order, Aug. 7, 2008, ECF No. 32).  At the absolute latest, Defendant should have disclosed any expert witness by the fact and expert discovery deadline on March 13, 2009.  *Id.* Defendant, however, did not disclose Mr. Bosco's identity as a putative expert witness until it filed its opposition to Plaintiff's motion for class certification on March 19, 2010.[6]  Therefore, Defendant failed to disclose putative expert Rodney Bosco by the Court-ordered expert witness disclosure deadline as required by Rule 26(a)(2)(C).[7]

## III. Defendant's Failure to Disclose Kirby's Distributors

On the present record, it is undisputed that, despite multiple requests from Plaintiff, Defendant failed to identify the six distributor declarants upon which it now relies in opposition to Plaintiff's motion for class certification.  Def.'s Opp'n to Class Certification 4-12, 20, 27-29.  Defendant also failed to disclose the names, addresses, and telephone numbers of Kirby's distributors; yet

---

[6]Although Defendant has not yet made this argument, the Court preemptively notes that any argument by Defendant that Mr. Bosco is a rebuttal expert to Plaintiff's experts would fail.  A review of Mr. Bosco's testimony reveals that it clearly relates to issues not addressed by Plaintiff's experts.

[7]Even if Defendant could have permissibly identified Mr. Bosco as an expert witness on some date after the Court's March 13, 2009 discovery deadline, as explained below, the evidence on which Mr. Bosco relies (*i.e.*, the Kirby distributors' names, addresses, and telephone numbers) was disclosed late and must be excluded.  Therefore, Mr. Bosco's report is excluded for the independent and additional reason that it is based on improperly withheld evidence.

Defendant shared that very information with its expert to enable him to conduct the survey on which Defendant partially relies to oppose Plaintiff's motion for class certification. *Id.* at 6-10, 12, 20, 27-29.

## IV.  Exclusion of the Evidence

Having found that Defendant had an obligation to disclose the Bosco/distributors evidence and that it failed to do so in a timely manner, the Court must next decide whether the evidence should be excluded under Rule 37(c)(1).  Under Rule 37(c)(1), the evidence must be excluded if Defendant's failure to disclose it was not substantially justified and if the failure to disclose was not harmless to Plaintiff.

### A.  Defendant's Failures to Disclose as Required by Rule 26 Were Not Substantially Justified

First, the Court finds that Defendant's reasons for failing to timely disclose the six distributor declarants are not substantially justified.  Defendant contends that at the time it responded to Plaintiff's discovery requests, it lacked knowledge of the disclosure practices of its distributors and distributors' dealers, and only knew that Kirby's distributor agreement precludes distributors from selling used machines as new.  Defendant maintains that it sought more specific information from its distributors regarding their disclosure practices—via Mr. Bosco's survey—and obtained the six

15

distributors' declarations only after Plaintiff asked the Court, in his class certification brief, to assume purchasers did not receive disclosure of prior sales. The Court finds Defendant's justification for failing to disclose the six distributors as witnesses in a timely manner unpersuasive.

Plaintiff has always claimed that Kirby's distributors and distributors' dealers did not comply with the distributor agreement's prohibition on selling used cleaning systems as new. Compl. ¶ 18, ECF No. 1. Plaintiff has also consistently alleged that sales of used cleaning systems were facilitated by written misrepresentations of newness and original purchaser status provided by Kirby. *Id.* ¶¶ 14, 21, 35, 38, 40. Therefore, whether purchasers received disclosure of a cleaning system's prior sale has always been relevant in this action.[8] Defendant's responses to Plaintiff's third set of interrogatories made clear that Kirby's distributors would have knowledge of whether such disclosures were made. Def.'s Resps. to Pls.' Third Interrogs. 3-4; *accord* Def.'s Corrected Mem. in Opp'n to Pl.'s Mot. to Exclude Evidence for Disc. Sanction 9 n.2, ECF No.

---

[8]It is not exaggeration to suggest that the issue of what each putative class member was told regarding the previously-owned status of his cleaning system has been at the very heart of this case from day one. Certainly, Defendant understood that Plaintiff considered the issue to be of paramount importance given Plaintiff's repeated attempts to discover the information by requesting that Defendant supplement its Rule 26(a) disclosures and serving Defendant with a third set of interrogatories asking Defendant to identify any witnesses knowledgeable of whether purchasers received disclosure of a cleaning system's prior sale.

98-2. Defendant does not allege that it did not know of the distributors' identities prior to the filing of Plaintiff's motion for class certification. Of course Kirby knew the names, addresses, and telephone numbers of its own distributors. Pl.'s Mem. Supporting Am. Mot. to Compel Disc. App. A, Nichols Dep. 46:21-49:1, 268:23-270:14, Sept. 4, 2008, ECF No. 49-2-49-15. Defendant could have inquired into distributors' disclosure practices long before Plaintiff filed his motion for class certification. *See* Nichols Dep. Ex. 2, Kirby Distributor Agreement 5 ¶ 6(f), ECF No. 49-16 (requiring distributors to produce information to Kirby upon request). Defendant's decision to remain ignorant of those practices is no excuse where Defendant knew that Kirby's distributors likely had information relevant to disclosure. Def.'s Resps. to Pls.' Third Interrogs. 3-4. Defendant's failure to disclose the names of the six distributor declarants is particularly troubling given Defendant's bold attempt to then rely upon them in opposition to Plaintiff's motion for class certification. Such disclosure was clearly required and Defendant has provided no justification as to why it could not have determined the existence of these individuals, with reasonable diligence, during the discovery period. *See* Fed. R. Civ. P. 26(a) (requiring parties to disclose "each individual *likely to have* discoverable information . . . that the disclosing party *may use* to support its claims *or defenses*") (emphasis added). Therefore,

Defendant has provided insufficient justification for its untimely disclosure of the six distributor declarants.

Defendant's refusal to disclose the identity of the six distributor declarants, as well as its failure to disclose the names and identifying information of its other distributors, is aggravated by the fact that Plaintiff specifically sought this information with legitimate discovery requests. Defendant contends that its failure to disclose the names, addresses, and telephone numbers of all Kirby's distributors was substantially justified because Plaintiff abandoned his request for that information at the Court's December 17, 2008 Rule 16 conference and in his amended motion to compel. The Court disagrees.

The Court finds that Plaintiff was reasonable in his decision not to pursue the distributor information further. Likely concluding that the evidence would not help him in making his claim for class certification and understanding that Defendant had made it clear that it had no intention of producing the information, Plaintiff had no reason to continue his pursuit of the information. No reasonable litigant would assume that an opposing party would seek to use information that it previously refused to produce during discovery. In fact, Defendant's responses to Plaintiff's discovery requests before the Rule 16 conference, as well as Defendant's response to Plaintiff's third set of interrogatories after the Rule 16

conference, were consistent with Plaintiff's position that Defendant could not produce any witnesses (*e.g.* distributors) to testify that purchasers received disclosure of a cleaning system's prior sale. Given Defendant's discovery responses, Plaintiff would have no reason to pursue the Kirby distributors' names, addresses, and telephone numbers at the Rule 16 conference or in his amended motion to compel. Plaintiff's failure to pursue the Kirby distributors' names, addresses, and telephone numbers is not substantial justification for Defendant's failure to disclose that information when Plaintiff's failure to pursue was reasonable in light of Defendant's discovery responses.    Therefore, Defendant has provided insufficient justification for its untimely disclosure of the Kirby distributors' names, addresses, and telephone numbers.

Finally, Defendant's excuse for its failure to disclose its expert likewise lacks substantial justification.  Defendant argues that it did not retain its expert until after it received Plaintiff's motion for class certification.  It strains credulity to suggest that while reading Plaintiff's motion it dawned on Defendant for the first time that it may be important to try to demonstrate that the individual issues surrounding each putative class member's transaction predominate over the common issues.  While counsel may not have considered presenting survey evidence produced by an expert witness until after discovery expired, counsel clearly understood the

importance of this issue since the first day the Complaint landed on counsel's desk. That Defendant waited to fully develop its strategy until after discovery had expired does not amount to substantial justification when it easily could have developed the information within the discovery period and timely disclosed the information, as required by the Federal Rules of Civil Procedure and the Court's scheduling orders.[9]

### B. Defendant's Failure to Disclose as Required by Rule 26 Was Not Harmless

The Court also finds that Defendant's failure to disclose the six distributor declarants, the Kirby distributors' names, addresses, and telephone numbers, and its expert was not harmless. Whether Defendant's distributors sold used cleaning systems misrepresented as new is a central issue in this case. Defendant's discovery responses prior to Plaintiff's motion for class certification were consistent with Plaintiff's position that Defendant could not produce any witness to testify that purchasers received disclosure of a cleaning system's prior sale. Plaintiff relied on Defendant's inability to produce such a witness in his motion for class certification, only to then be blindsided in Defendant's response by the six distributor declarations and Mr. Bosco's survey. Pl.'s Mem. Supp. Mot. for Class

---

[9]Even if Defendant had been justified in disclosing the identity of its expert when it did, it still had an obligation to disclose the information upon which the expert relied much earlier, particularly given the outstanding discovery requests that sought the information.

Certification 12-13, ECF No. 72-2.  Similarly, Plaintiff's expert made the assumption, which the Court finds was not entirely unreasonable given the available evidence, that class members did not receive disclosure of prior sales.  Harrison Dep. 19:12-20:20, Mar. 5, 2010, ECF No. 90; Pl.'s Mot. for Class Certification App. F, Harrison Decl. 2-3, Jan. 5, 2010, ECF No. 72-21.  Tellingly, Defendant later criticized Plaintiff's expert for that assumption in light of its recently disclosed survey and distributor declarations. Def.'s Opp'n to Class Certification 28.  Therefore, the Court finds that Plaintiff was unfairly prejudiced by Defendant's failure to disclose the six distributor declarants, the Kirby distributors' names, addresses, and telephone numbers, and its expert as required by Rule 26(a) and (e).

As a final note, the Court recognizes that the Eleventh Circuit Court of Appeals has at times looked to the importance of the witness as one factor in determining whether to exclude a previously undisclosed witness. *See, e.g.*, *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) (per curiam) (quoting *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)) ("In reviewing for abuse of discretion a court's exclusion of a non-disclosed witness, we consider '(1) the importance of the testimony, (2) the reasons for the appellant's failure to disclose the witness earlier, and (3) the prejudice to the opposing

party if the witness had been allowed to testify.'"). The Court also recognizes that Mr. Bosco's report and the six distributors' declarations are important to Defendant. Def.'s Opp'n to Class Certification 4-12, 20, 27-29. However, the Court finds that Defendant's lack of substantial justification for its failure to disclose and the harm that its failure to disclose caused Plaintiff substantially outweighs the importance of the evidence to Defendant. *See Bearint ex rel. Bearint*, 389 F.3d at 1353-54 (excluding evidence, regardless of importance, given no plausible reason for failure to disclose and prejudice from nondisclosure). Moreover, Defendant presents an unsympathetic plight given the self-inflicted nature of its wounds.

## CONCLUSION

As previously explained, the Court concludes that Defendant has not carried its burden of establishing that its failure to disclose the six distributor declarants, the Kirby distributors' names, addresses, and telephone numbers, and the identity of its expert, as required by Rule 26(a) and (e) and the Court's scheduling orders, was substantially justified or harmless. Therefore, Mr. Bosco's report and the six distributors' declarations are excluded pursuant to Rule 37(c)(1) and will not be considered in conjunction with Plaintiff's motion for class certification. Accordingly, Plaintiff's Motion to Exclude (ECF No. 95) is granted. In light of the Court's ruling on

Plaintiff's Motion to Exclude, Plaintiff's Motion to Exclude Expert Rodney Bosco on *Daubert* grounds (ECF No. 102) is denied as moot.

IT IS SO ORDERED, this 7th day of September, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE